UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DMYTRO ADAMOV,
Petitioner,
v.
WARDEN, IMPERIAL REGIONAL DETENTION FACILITY,
Respondent.

Case No.: 3:26-cv-5311-CAB-DDL

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Dmytro Adamov, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner is a citizen of Ukraine who originally entered the United States on December 1, 2022, through the Uniting for Ukraine parole program. [Doc. No. 1 at 6.] On May 13, 2026, Petitioner left the United States and attempted re-entry at the Canadian border. [Doc. No. 1; Doc. No. 1-2 at 4, 5.] As described in the Western District of Washington's opinion denying his first habeas petition, immigration officials detained Petitioner at the border and revoked his parole based on his "criminal arrests, protection order, possession of controlled substances, and misrepresentation made on an application for an immigration benefit[.]" *Adamov v. Scott*, No. 2:26-CV-02099-DGE, 2026 WL 2137359, at *2 (W.D. Wash. July 24, 2026).

A habeas petition is subject to summary dismissal when it is repetitive or duplicative. *See, e.g., Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). Here, the Western District of Washington already reviewed Petitioner's case and denied it with a reasoned opinion which considered Petitioner's argument that he did not intend to leave the United States. Though *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) was issued a few days later, that is irrelevant to Petitioner, who crossed into Canada—whether intentionally or not—and then was detained on his return. The Court therefore **DISMISSES** the Petition without ordering a response.

<u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: September 23, 2026

Hon. Cathy Ann Bencivengo
United States District Judge